The next case is number 22-1822, Joshua Toney v. Michael Guerriero. At this time, would counsel for the appellant introduce himself on the record to begin? May it please the Court, my name is George Garnley. I represent Joshua Toney, the appellant. On April 14, 2017, Mr. Toney arrived at a Boston courthouse for a scheduled appearance. When he got off the elevator, there was a state trooper, the defendant here, who was there waiting for him, who arrested him on a new charge that was pending in the Lawrence court. Mr. Toney was, his possessions were taken from him by the police officer. He was handcuffed, put in the elevator, taken downstairs, put in a non-marked cruiser, and taken to the Andover barracks. There he was booked. His personal possessions were segregated into two groups. One, his cell phone was taken into evidence and stayed at the Andover barracks. The remainder of his personal property, in this case $748 in currency, and a valuable necklace that was put in a bag, in a clear plastic bag, inventoried. Mr. Toney signed for it. And in due course, he was put in a cruiser and taken by the defendant over to the Lawrence courthouse. The cruiser went into the basement of the courthouse. Mr. Toney was brought into the holding area downstairs. He was given to the court officers who escorted him down to a holding cell and then removed his cuffs to bring him back to the police office. Mr. Goldman, we got all the facts. I'm sorry, ma'am? We read the briefs and have all the facts. If you could just get to your legal argument, that would be helpful. Let me just say where I'm hung up. He filed a petition for the return of his property. In that proceeding, he got tossed around quite a bit, as the record reflects, and eventually the court dismissed it, saying that there was an adequate remedy elsewhere for him to pursue return of his property conversion, I believe it said. So the question is, he didn't appeal that proceeding, but that in and of itself doesn't mean that it's not an adequate state remedy that would give rise to a due process violation, is it? Because he chose not to appeal? The only thing your brief says is that it would have been futile, and I didn't understand the futility argument. Well, the futility argument, Judge, is that the Rule 61 proceeding took a considerable period of time, and there was considerable evidence generated that was unfavorable to his situation. It wouldn't have defeated it, but he, as a pro se, just saw that appealing it was not in his, well, it wasn't a feasible alternative, okay. Let me see what you mean by feasible. If you have a gold necklace, and I just take it without, and never give it back to you, and there's nothing in law that allows me to do it, don't you have a conversion claim against me under Massachusetts law? Yes. Okay, so why didn't he have a conversion claim against the officer who last had his necklace? Well, because the officer's statement is, I left it at the courthouse, and that was a So then he sues the guy who had it. Pardon me? So then he sues the person who that officer gave it to. Well, we don't know. The item went into the courthouse, apparently, and then it disappeared into thin air. Counsel, so the way I understand your case, the Rule 61 procedure might, under other circumstances, have been an adequate state remedy, but here, because of the Commonwealth screwing around with this and giving false evidence at one point, the Rule 61 procedure resulted in a finding many years later, where the trooper doesn't have it anymore, so if the trooper doesn't have it anymore, and we don't know who has the gold necklace, you don't get any relief. So going back to Judge Thompson's question about why couldn't he have appealed that to the state court and said, no, that's wrong, I am entitled to monetary relief, and I think part of your answer is he was pro se, he didn't have legal assistance, and the ruling, he thought, probably wouldn't be reversed by anybody because it was a sort of common sense response. So you say, as applied here, including the fact that the Commonwealth so delayed this in its response on Rule 61, that any remedy became ineffectual, and that is why you are entitled to be in federal court with a due process claim. I think that's your argument. Yes, it is, Judge, and yes, it is. I would say only that, and that's why he came in here to the federal court as opposed to continuing on in the state court. He sought a level playing field based on, I'm not sure that he really understood all of what had procedurally occurred, that occurred to me as I looked at the record afterwards when I became counsel in this court, but that's what he was looking for, was a level playing field, and that's certainly what he did not get, and any appeal he would have suffered from the fact that, well, you don't have any evidence. The trooper says that he left it there. You don't have any evidence, and so he's come here and he's brought this claim, and it is a righteous claim, I mean, because this property, as the court knows, this property disappeared within a matter of hours. Are you saying under Rule 61 he had no way of getting any further information than whatever the Commonwealth was willing to offer to the court, and that's part of the problem here? Yes, Judge. I'm saying essentially this ancillary proceeding that with the best of intentions became an extra duty. For example, look, when you're finished at the Court of Appeals, will you stop by and get a half gallon of milk? I mean, people were just sort of, stuff was coming in that the Commonwealth's position was being accorded more than equal scrutiny. But, Mr. Goldman, in your brief, you say that had Rule 61 been applied properly, that it would have been an adequate remedy. Yes. And so it was, I mean, I'm still trying to figure out, it was applied improperly, no doubt, given the procedural posture of what happened to him, but he didn't appeal, and I think Judge Lynch explained her understanding of your brief a lot better than you are, quite frankly. But does that excuse his failure to appeal? Well, he did not appeal. I can't change that. He did not appeal. He was told that he could bring a case in, pursue any other remedy that was available to him. Now, he took this as a pro se, that, well, I'll bring it down in this court. If the answer now is, well, it wasn't really any other remedy, it was you have to appeal, he didn't do that. And he did not. But that doesn't detract from the point that at 9 o'clock that morning, he had $748 and a necklace that was worth something in the vicinity of $25,000. Thank you. Thank you. Thank you, counsel. At this time, would counsel for the appellee please introduce himself on the record to begin? Good morning, Your Honors. My name is Mark Russell, and I represent Trooper Michael Guerrero in this matter. The case before you really falls within the doctrine of the Peratt-Hudson doctrine. Let me make sure I understand the facts correctly. Is it undisputed that when he showed up at the police station there, he had $743 and a gold necklace? Yes, sir. And is it undisputed that the law enforcement officials in that station took that property from him? That's undisputed. That's also undisputed. Yes, sir. And is it undisputed that it's never been given back to him? Yes, sir. So it seems clear, doesn't it, that it's either still in the station, or one of the employees of your client walked off with it, figuring here's a guy who is going to have trouble trying to find out what happened to it. Your Honor, it is lost. Well, do you think it just dematerialized? My client has repeatedly stated that he gave it to the court officer at Lawrence District Court. Unfortunately, he did not follow the policies of the state police, and he did not receive that person's name, nor did he have that person sign the document that he was supposed to do that would say he transferred that. Has any counsel for the state been involved in this litigation? No, Your Honor. Judge Gorton dismissed the state as well as Lawrence District Court prior to our involvement. Has the state, to your knowledge, undertaken a corruption investigation to find out what happened to this property that was in its possession? No, Your Honor. Then I take it your client doesn't have the authority at this point to commence such an investigation. That's correct. It's our position that the Parrott-Hudson Doctrine controls this matter. As Judge Gorton said in the District Court, he's looking for whether or not there's a 14th... This is disgraceful. That's the part that Judge Chiata didn't say. This is rather disgraceful. I understand the opinion on that. As far as I can tell from the investigation of Massachusetts State Police, they were unable to locate the evidence. Unfortunately, nobody got to the Lawrence District Court in time to seek the videotape of the transfer. Well, it's worse than that. The state court required the state to respond to the claim that this personal property had been taken. An assistant DA apparently first filed a false report that indeed he didn't have such property. Then that was a couple of years in after the court had to order them repeatedly to file it. Then he said, no, that's not true. The state court judge then ordered the state again to file a response. Only then does the state say what you essentially have said. I don't understand, frankly, why the state of Massachusetts, through its agencies that are involved here, was dismissed from the action. That seems to have been done pretty much sua sponte by the federal district judge. I can understand your position. You're here representing an individual state trooper. You're not from the Attorney General's office, correct? That is correct. It's my understanding a district court judge, when a pro se complaint is filed, they have not only the authority but the obligation to review it and dismiss parties off who are not properly before them. That may be, but no appeal could have been taken absent a certification at that point because your client remained in the case and so it wasn't a final judgment. Now the argument that's made before us certainly seems to implicate the Commonwealth beyond your particular client. I agree. This case does implicate the Commonwealth beyond my client. Unfortunately, I don't represent them and they're not part of this case. We did not conduct discovery with the argument that's before you in mind. We did not depose the DA. We did not depose other members of the state police or the administration. As far as Trooper Guerrero goes, the Perrette-Hudson Doctrine controls in this matter, as the First Circuit has held in the Hatfield and O'Neill cases, that the state court does have jurisdiction here. They do have a remedy available to them. Mr. Toney chose not to appeal the Rule 61 ruling for whatever reason, but he also had the conversion claim that Judge Borton relies on in the summary judgment order. You see, I don't understand that because as I understand his case, he accepts that the trooper gave the necklace and the cash in a bag to someone or perhaps he just left it on a bench on the assumption someone would pick it up. But he doesn't claim that the trooper himself converted and got the benefit of the cash and the value of the necklace. So I didn't see why that was an alternative. It's my understanding of the case, Your Honor, is that it is an alternative because the claim has been made that because the document that he never followed the policies of the police department, that the liability lies with him. It does not lie with this unknown person that Trooper Guerrero claims he gave it to. I would like to clarify for the court that we took a trip to the Lawrence District Court and were shown the exact procedure that they use to transfer inmates. There is no opportunity for a police officer of any kind, according to the court officer that gave us the tour, to enter into that establishment and just drop something off. They are met at the door. They first have to check their weapon. They're in a secure setting. They're met at the door where they transfer the prisoner and any property. They notice where the property was taken to. Are you saying that under Massachusetts law, the plaintiff here would have had a cause of action for negligence had your client been negligent in following procedures? Yes. Does he still have that claim? No, that claim was not part of the amended complaint. He changed it to intentional negligence. But could he still bring it today? I suppose if he was allowed to amend his complaint, he could. What if his complaint is dismissed because the only basis in this case for jurisdiction is federal question? Yes, sir. And if the court finds there's no federal question, then often we don't resolve state law claims. Yes, sir. Regarding the Rule 61 motion or ancillary process used by Mr. Toney, I would like to note that he had the availability of an appeal through that. I would also like to note that that, in my opinion, is a strong opinion from the Supreme Judicial Court that affords the inmate a distinct right to seek their property. In that case, the Somerville Police Department had failed to document a transfer of $2,000. And the Supreme Judicial Court found that was sufficient to warrant a return of money or that the state or the Somerville Police Department pay that amount to him. In my opinion, it's a strong case, and I don't think that the argument that he couldn't have an appeal holds water with that type of case law supporting the inmate's position. Thank you. Thank you, Counsel. That concludes argument in this case. Counsel is excused.